UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

ALFRED THEN,

                     Petitioner,                  **MEMORANDUM & ORDER**
                                                                                17-CV-3681 (MKB)

        v.

THOMAS GRIFFIN,

                     Respondent.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Alfred Then, proceeding *pro se* and currently incarcerated at Green Haven Correctional Facility, brings the above-captioned action pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. (Pet., Docket Entry No. 1.) Petitioner's claim arises from a 2011 judgment of conviction entered in the New York State Supreme Court, Kings County ("Kings County Supreme Court"), following a guilty plea to murder in the second degree. (*Id.* at 1.) For the reasons set forth below, the Court concludes that the petition is time-barred and dismisses it pursuant to 28 U.S.C. § 2244(d).

    **I.    Background**

      a.  Factual background

      On June 22, 2011, Petitioner pled guilty to murder in the second degree in Kings County Supreme Court. (Alfred Then Aff. in Supp. of Mot. for Leave to Appeal dated Mar. 6, 2017, Pet. 18–22; Joyce Slevin Aff. in Opp'n to Pet. for Writ of Error *Coram Nobis* dated Nov. 28, 2016

("Slevin Aff."), Pet. 63–74.)[1]  At the plea hearing, Petitioner waived his right to appeal his conviction.  (Slevin Aff., Pet. 68–69.)  On August 4, 2011, Petitioner was sentenced to a term of twenty years to life imprisonment.  (Tr. of Sentencing dated Aug. 4, 2011 ("Tr."), Pet. 78:20–22.)  Petitioner did not file a direct appeal of his conviction within thirty days as required under New York Criminal Procedure Law section 460.10(1)(a).

On September 3, 2013, Petitioner filed a motion for extension of time to file a direct appeal of his conviction pursuant to New York Criminal Procedure Law section 460.30, which motion was denied on November 13, 2013.  (Alfred Then Mot. for Extension of Time, Pet. 52–61; Slevin Aff., Pet. 71.)[2]  Between August and December of 2016, Petitioner filed a petition for a writ of error *coram nobis*, which was denied on January 25, 2017.[3]  *See People v. Then*, 44 N.Y.S.3d 919 (App. Div. 2017).  On May 12, 2017, the New York Court of Appeals denied Petitioner leave to appeal.  *See People v. Then*, 29 N.Y.3d 1037 (2017).

Petitioner filed the instant petition on June 16, 2017, raising an ineffective assistance of counsel claim based on his attorney's failure to file a notice of appeal after he was convicted and sentenced.  (Pet. 5.)

---

[1]  Because the petition is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

[2]  The record does not include the Kings County Supreme Court's November 13, 2013 Order denying Petitioner's motion for extension of time to file an appeal.  The Court therefore cites to paragraph twenty-three of the Affirmation of Assistant District Attorney Joyce Sleven in Opposition to Petitioner's writ of error *coram nobis*, which states that the Kings County Supreme Court denied Petitioner's motion for extension of time to appeal on November 13, 2013.  (Joyce Slevin Aff. in Opp'n to Pet. for Writ of Error *Coram Nobis* dated Nov. 28, 2016 ("Slevin Aff."), Pet. 71.)

[3]  Petitioner's application in support of a writ of error *coram nobis* is dated August 3, 2016.  (*See* Pet. 24–27.)  However, Petitioner's accompanying affidavit in support of a writ of error *coram nobis* was notarized on December 28, 2016.  (*See id.* at 28–33.)

### b. October 20, 2017 decision

By Memorandum and Order dated October 20, 2017, the Court ordered Petitioner to show cause as to why the petition should not be dismissed as time-barred. (Mem. and Order dated Oct. 20, 2017, 7–8, Docket Entry No. 4.) The Court determined that Petitioner's deadline to file the petition was September 6, 2012, one year after his conviction became final. (Mem. and Order dated Oct. 20, 2017, 4.) Petitioner did not file the petition until June 12, 2017, nearly five years after the one-year AEDPA limitations period expired. (*See* Pet.)

### c. Petitioner's affirmation

On December 11, 2017, the Court received an affirmation from Petitioner. (Pet'r Aff., Docket Entry No. 5.) In his affirmation, Petitioner argues that he is entitled to statutory and equitable tolling of the limitations period. (*Id.* at 1.) Petitioner asserts that his inability to "read, write and speak English" prevented him from filing a timely habeas petition, and that in light of this language barrier, he "ma[de] [] reasonable effort[s] to contact individuals outside the prison facility and within the prison facility" for assistance. According to Petitioner, in 2014, he contacted his sister (who also does not speak or understand English) for advice and help obtaining counsel, but she was unable to assist him. (*Id.* at 1–2.) Petitioner received some assistance from another inmate in preparing a petition for a writ of error *coram nobis* in 2014 and 2015, but he never submitted the petition. (*Id.* at 2.) Petitioner also sought representation by the Brooklyn Defenders Services by letter dated July 9, 2015, (Pet'r Letter dated July 9, 2015, annexed to Pet'r Aff. as Ex. B), but received no response.

In addition to the above, Petitioner asserts that he is entitled to tolling because the correctional facility in which he is housed "does not provide Spanish-English legal material, legal books, Spanish [l]aw [c]lerks," and the "legal computer to research law is in English only."

(*Id.* at 2–3.) Petitioner further asserts that the facility "does not have any Spanish memo in their bulletin alerting inmates of the federal time limitations in any area whatsoever, and petitioner could not find any translation from the inmates due to segregation, nor any help from corrections staff." (*Id.* at 3.)

Finally, Petitioner notes that in response to a grievance he submitted regarding his trial counsel, his trial counsel "admitted not wanting to submit an appeal," which "further validates petitioner's English deficiency in which the court had appointed a certified Spanish Interpreter." (*Id.*)

Based on the foregoing, Petitioner argues that he "has grounds for statutory tolling . . . under the 'State created impediment' provisions found in 28 U.S.C. § 2244(d)(1)(B)," and has also "made [a] sufficient showing to warrant equitable tolling due to the language deficiency and the state creat[ed] impediment thereof." (*Id.* at 3.) Petitioner also requests an evidentiary hearing. (*Id.* at 3–4.)

## II. Discussion

With the passage of AEDPA, Congress set a one-year statute of limitations within which a person in custody pursuant to a state court conviction may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which the latest of four events occurs:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); *see also Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting section 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act").

### a. Petitioner has not alleged facts sufficient to support tolling

The Court has carefully reviewed Petitioner's affirmation and concludes that, accepting the truth of the facts alleged, neither statutory nor equitable tolling is warranted.

### i. The facts do not support statutory tolling

Petitioner's affirmation does not provide any facts that warrant tolling under the statutory provisions of AEDPA. Petitioner argues in his affirmation that he is entitled to tolling under section 2244(d)(1)(B).[4] (Pet'r Aff. 3.) However, in order to trigger the application of section 2244(d)(1)(B), a petitioner must demonstrate that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13-CV-3989, 2014 WL 2854631, at *6 (S.D.N.Y. June 20, 2014) (adopting report and recommendation) (quoting *Rush v. Lempke*, No. 09-CV-3464, 2011 WL 477807, at *9 (E.D.N.Y. Feb. 2, 2011)); *Whitted v. Martuscello*, No. 11-CV-1222, 2014 WL 1345920, at *4 (S.D.N.Y. Apr. 3, 2014) (same); *Patel v. D. Martuscello*, No. 10-CV-4804, 2011

---

[4] The Court notes that "[t]his provision of the statute 'resets — rather than tolls the running of-the one year period.'" *Florio v. Cuomo*, No. 10-CV-0998, 2010 WL 5222123, at *6 (S.D.N.Y. Nov. 16, 2010) (alterations omitted) (quoting *Ramos v. Walker*, No. 99-CV-5088, 2002 WL 31251672, at *2 (S.D.N.Y. Oct. 8, 2002)), *report and recommendation adopted*, No. 10-CV-998, 2011 WL 223217 (S.D.N.Y. Jan. 24, 2011).

WL 703943, at *2 (E.D.N.Y. Feb. 16, 2011) ("[Section] 2244(d)(1)(B) pertains only to impediments created by state action that violates the Constitution or the laws of the United States."); *see also Crawford v. Costello*, 27 F. App'x 57, 59 (2d Cir. 2001) ("Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations may be tolled during the time that a state-created unconstitutional impediment prevents the petitioner from filing a petition. Because there is no constitutional right to a trial transcript for collateral appeals, the state's denial of his request for a transcript did not constitute an unconstitutional impediment sufficient to toll the statute of limitations." (citations omitted)).

Petitioner has not identified, nor is the Court aware of, any violation of the Constitution or federal law that prevented him from filing a timely habeas petition, thus bringing his claim within the ambit of section 2244(d)(1)(B). Courts have consistently rejected the argument that a facility's lack of legal resources available in alternative languages warrants the application of section 2244(d)(1)(B).[5] *See Duran v. United States*, No. 00-CV-407, 2002 WL 867864, at *4 (S.D.N.Y. May 3, 2002) (rejecting, among other arguments, the assertion that a prison's failure

---

[5] A wholly inadequate prison library that does not provide prisoners with a copy of AEDPA may constitute a state-created impediment under section 2244(d)(1)(B). *See Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003) ("[A] state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render [the petitioner's] petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)."); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1149 (9th Cir. 2000) ("The fact that, like a broken clock, a petitioner who has no way of learning the limitations period may nonetheless be timely occasionally is not pertinent to determining whether there is an 'impediment' (under the statute) or an 'extraordinary circumstance' (under our equitable tolling cases) because of the inability to learn and be guided by such critically important procedural rules as the governing limitations period.") (Tashima, J., concurring); *see also Moore v. Battaglia*, 476 F.3d 504, 506–08 (7th Cir. 2007) (discussing *Egerton* and *Whalem/Hunt* and remanding because "[w]e cannot glean from the record whether the prison library contained the relevant statute of limitations" and "[t]he record thus does not establish whether the prison library was adequate"). However, Petitioner does not argue that his facility does not provide a copy of AEDPA, only that the statute was not available in Spanish. As noted *infra*, courts have routinely declined to apply section 2244(d)(1)(B) in this context.

to provide Spanish-language legal resources "demonstrate[d] any governmental action in violation of the Constitution or federal law"); *see also Chavez v. Vasquez*, No. 17-CV-1188, 2017 WL 8683583, at *2 (C.D. Cal. May 19, 2017) (collecting cases), *report and recommendation adopted*, No. 17-CV-1188, 2018 WL 1585666 (C.D. Cal. Mar. 28, 2018), *appeal docketed*, No. 18-CV-55513 (9th Cir. Apr. 18, 2018); *Andino v. Byrd*, No. 15-CV-43, 2015 WL 4250760, at *2 (N.D. Miss. July 13, 2015) ("[The petitioner's] inability to read and write the English language was not created by the State, and he cannot rely on his English-language illiteracy to avail himself to a later 'trigger' date under § 2244." (citations omitted)); *Contreras v. Franklin*, No. 09-CV-734, 2010 WL 55949, at *4 (W.D. Okla. Jan. 4, 2010) ("Petitioner's bare allegation that he did not understand the English language is not an impediment under subparagraph (B) because such failure was not "created by State action.""). The Court therefore concludes that section 2244(d)(1)(B) does not apply to Petitioner's claim. *Cf. Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) (holding that a language deficiency may warrant *equitable* tolling if a petitioner can show that he made "all reasonable efforts to obtain assistance to mitigate his language deficiency").

In addition, the facts alleged in Petitioner's affirmation do not warrant statutory tolling under 28 U.S.C.A. § 2244(d)(2), which provides that in calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C.A. § 2244(d)(2). Section 2244(d)(2) does not toll the AEDPA limitations period if the relevant post-conviction motion was submitted after the AEDPA limitations period already expired. *See Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period). Petitioner filed his post-conviction motions — both his motion for an

7

extension of time to appeal and his application for a writ of error *coram nobis* — in 2013 and 2016, respectively, after the one-year AEDPA period had already expired. Therefore, Petitioner is not entitled to statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Doe*, 391 F.3d at 154 ("When the AEDPA limitations period expired . . . [the petitioner] had not yet filed the [section] 440 motion, thereby losing the opportunity to invoke 28 U.S.C. § 2244(d)(2)'s provision for tolling the limitations period during the pendency of a state post-conviction motion."); *Borges v. Bradt*, No. 14-CV-0060, 2015 WL 105966, at *4 (N.D.N.Y. Jan. 7, 2015) (adopting report and recommendation which held that petitioner was not entitled to a period of statutory tolling because he did not file any state court challenges to his conviction within the one year statute of limitations (citing *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999))); *Plato v. Morrissey*, 638 F. Supp. 2d 338, 345 (W.D.N.Y. 2009) ("[N]either of [petitioner]'s CPL [section] 440.10 motions had any effect on the commencement of the limitations period because they were filed well after the limitations period had actually expired." (citation omitted)); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 297 (E.D.N.Y. 1999) ("Because this filing did not take place until after the running of the one year AEDPA statute on December 9, 1997, it is of no consequence to the timeliness issue." (citing cases)).

### ii. The facts do not support equitable tolling

Nor has Petitioner stated any facts to support equitable tolling. Equitable tolling is warranted only in "rare and exceptional circumstances," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), and only if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011); *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011). The determination of whether equitable tolling is appropriate must

be made on a case-by-case basis. *Holland*, 560 U.S. at 649–50; *see also Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) (recognizing that "equitable procedure demands flexibility in the approach to equitable intervention"). To secure equitable tolling, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Jenkins*, 630 F.3d at 303 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Accordingly, "a petitioner must have acted with 'reasonable diligence throughout the period he seeks to toll.'" *Chettana v. Racette*, No. 15-CV-0028, 2016 WL 447716, at *8 (N.D.N.Y. Feb. 4, 2016) (quoting *Harper*, 648 F.3d at 138)).

First, Petitioner asserts that he is entitled to equitable tolling because he was not alerted to the AEDPA limitations period by personnel at his prison facility. (Pet'r Aff. 3.) However, ignorance of the law is insufficient to support equitable tolling. *See Romero v. Ercole*, No. 08-CV-4983, 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) ("[C]ourts have repeatedly held in the *habeas* context that 'ignorance of the law is not grounds for equitable tolling'" (first quoting *Ruiz v. Poole,* 566 F. Supp. 2d 336, 338 (S.D.N.Y. 2008); and then citing *United States v. Griffin*, 58 F. Supp. 2d 863, 868 (N.D. Ill. 1999); and then citing *Fadayiro v. United States*, 30 F. Supp. 2d 772, 778 (D. N.J. 1998); *Worsham v. West*, No. 05-CV-0530, 2006 WL 2462626, *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases." (citing cases)); *Doyle v. Yelich,* No. 05-CV-2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct, 7, 2005) ("A petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling." (citing cases)).

Second, Petitioner asserts that he "could not find any translation from the inmates due to

segregation, nor any help from corrections staff." (Pet'r Aff. 3.) To the extent Petitioner argues that his segregation within the prison facility warrants equitable tolling, his argument fails because it is not an extraordinary circumstance. *See Gonzalez v. Rikers Island Warden*, No. 14-CV-6749, 2016 WL 8711444, at *3 (E.D.N.Y. Aug. 24, 2016) ("Courts in this Circuit have consistently held that 'transfers between prison facilities' and 'solitary confinement' are routine experiences of prison life and do not rise to a level of extraordinary circumstances." (collecting cases)), *report and recommendation adopted*, No. 14-CV-6749, 2016 WL 8711079 (E.D.N.Y. Sept. 23, 2016); *Walker v. Sheahan*, No. 13-CV-0361, 2013 WL 2181039, at *3 (E.D.N.Y. May 20, 2013) (same); *Reese v. United States*, No. 11-CV-5432, 2012 WL 195607, at *2 (E.D.N.Y. Jan. 23, 2012) ("Simply being placed in the SHU alone does not constitute a basis for equitable tolling." (first citing *Prescod v. Brown,* 2011 WL 182063, at *4 (S.D.N.Y. Jan. 20, 2011), *report and recommendation adopted*, 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011); and then citing *Pillco v. Bradt*, 2010 WL 3398467, at *2 (S.D.N.Y. Aug. 26, 2010))).

Finally, Petitioner argues that he is entitled to equitable tolling based on his inability to understand English. (Pet'r Aff. 1–3.) A lack of English fluency may in certain cases constitute an extraordinary circumstance warranting equitable tolling. *See Diaz*, 515 F.3d at 154 (holding that an inability to read English "can, in some circumstances, justify equitable tolling"). However, "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." *Id.* While Petitioner states that he sought assistance for his language deficiency sometime in 2014 and 2015, he has failed to allege facts demonstrating that he "acted with 'reasonable diligence *throughout the period he seeks to toll*.'" *Chettana*, 2016 WL 447716, at *8 (emphasis added). Petitioner alleges no facts suggesting that he made any efforts to mitigate the

language deficiency until two years after the limitations period had already expired. *See Rodriguez v. Ercole*, No. 08-CV-3745, 2010 WL 4669919, at *8 (E.D.N.Y. Aug. 2, 2010) ("[P]etitioner did not seek assistance until *after* the limitations period had already expired, thereby negating any claim of diligence."), *report and recommendation adopted*, 2010 WL 4672074 (E.D.N.Y. Nov. 10, 2010); *see also Diaz v. Lee*, No. 98-CV-5575, 2013 WL 491528, at *2 (S.D.N.Y. Feb. 8, 2013) ("*Within the applicable limitations period*, [the petitioner] sought neither language nor legal assistance from people outside of prison regarding the filing of a habeas corpus petition." (emphasis added)). Petitioner has therefore failed to establish a basis for equitable tolling.[6]

With regard to Petitioner's request for an evidentiary hearing, no such hearing is warranted because Petitioner's factual allegations do not explain his failure to make reasonable efforts to obtain assistance to mitigate his language deficiency before the AEDPA limitations period expired. *See Castillo v. Ercole*, No. 07-CV-11256, 2009 WL 1492182, at *5 (S.D.N.Y. May 27, 2009) (denying evidentiary hearing where district court "accepted [the petitioner's] factual contentions," and finding that "a hearing would serve no purpose"); *Mateos v. West*, 357 F. Supp. 2d 572, 577–78 (E.D.N.Y. 2005) ("To merit an evidentiary hearing, the petitioner must first make a colorable claim that equitable tolling is warranted."); *see also Lopez v. United States*, 180 F. App'x 305, 306 (2d Cir. 2006) (affirming denial of evidentiary hearing where the petitioner failed to allege any facts that would explain certain delays in taking action).

---

[6] In addition, Petitioner states that he "was also 'reasonably confused,' *Whitley v. Erocole* [sic], 509 F. Supp. 2d 410 [(S.D.N.Y. 2007)]," (Pet'r Aff. 3), but does not explain whether he is referring to the language barrier or another unspecified source of confusion. Regardless, *Whitley* is inapposite to the facts of this case, as it involves the issue of whether a court may hold a mixed habeas petition in abeyance.

### III. Conclusion

For the reasons stated above, Petitioner is not entitled to either statutory or equitable tolling of the one-year statute of limitations period under AEDPA, and the Court dismisses the petition as time-barred under 28 U.S.C. § 2244(d). Petitioner's request for an evidentiary hearing is also denied. As Petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 25, 2018
      Brooklyn, New York